IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHRISTOPHER KENDRIX                                         PLAINTIFF

vs.                         Civil No. 1:07-cv-01101

MICHAEL J. ASTRUE                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Christopher Kendrix ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed his application for DIB and SSI on January 13, 2005. (Tr. 59-63). Plaintiff alleged he was disabled due to a cervical spine injury sustained in an automobile accident. (Tr. 79). Plaintiff alleged an onset date of January 3, 2005. (Tr. 58). This application was initially

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

denied on March 24, 2005 and was denied again on reconsideration on August 12, 2005. (Tr. 41-51, 54-55).

On September 6, 2005, Plaintiff requested an administrative hearing on his application. (Tr. 56). The hearing was held on June 12, 2006 in El Dorado, Arkansas. (Tr. 234-256). Plaintiff was present and represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dr. Tyra Watts testified at this hearing. *See id.* On the date of this hearing, Plaintiff was twenty-eight (28) years old, which is defined as a "younger adult individual" under 20 C.F.R. § 404.1563(c) (2008), and had a tenth grade school education. (Tr. 237-239).

On February 21, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 13-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 20, Finding 2). The ALJ also determined Plaintiff had the severe impairment of cervical spine injury. (Tr. 20, Finding 3). However, ALJ found that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20, Finding 4).

In this decision, the ALJ stated he evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 16-18). The ALJ stated he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. (Tr. 17).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 21, Finding 6). Specifically, the ALJ determined Plaintiff retained the following RFC:

> He can lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently. He can also sit, with normal breaks, for a total of 6 hours in an 8-hour workday, and can stand and/or walk for 1 to 2 hours without interruption, and for a total of 6 hours in an 8-hour workday. He also has postural limitations in the areas of being limited to occasionally performing activities like climb, balance, stoop, kneel, crouch, and crawl; has some manipulative limitation in the area of being limited in overhead reaching; and also has some environmental limitations in the areas of having to have no more than moderate exposure to temperature extremes, vibration, humidity, unprotected heights and /or moving machinery.

(Tr. 18, Finding 5). *See* 20 C.F.R. § 416.967(b) (2008).

The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 21-22, Findings 12,13). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 240, 251-254). The VE testified that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW. (Tr. 251-252).

The VE then testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 253-254). For example, the VE testified such a hypothetical person could perform work as an assembler (29,000 such jobs in the State of Arkansas and 800,000 in the nation), and small products assembler (29,000 such jobs in the State of Arkansas and 180,000 in the nation). (Tr. 22, Finding 13). The ALJ went on to find Plaintiff was not under a disability from his alleged onset date through the date of the decision. (Tr. 22, Finding 15).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8-9). On August 17, 2007, the Appeals Council declined to review this determination. (Tr. 5-6). *See* 20 C.F.R. § 404.984(b)(2). On October 2, 2007, Plaintiff filed the present appeal. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 6,7). This case is now ready for decision.

**2. <u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ's decision was not supported by substantial evidence in the record because: (1) the ALJ failed to consider Plaintiff's financial condition as it related to medical care, (2) the ALJ did not properly considered Plaintiff's subjective complaints of pain, (3) the ALJ posed an improper hypothetical to the VE, and (4) the ALJ erred by not finding Plaintiff met Listing 12.08. In response to Plaintiff's arguments, Defendant claims that: (1) the ALJ properly considered Plaintiff's financial condition as it related to medical care, (2) the ALJ properly considered Plaintiff's subjective complaints of pain, (3) the ALJ posed a proper hypothetical to the VE, and (4) the Plaintiff did not meet Listing 12.08. Because the Court finds error in the hypothetical question posed it will only address that issue in this opinion.

5

### Hypothetical Question

Plaintiff argues the hypothetical question posed by the ALJ to the VE failed to include all of Plaintiff's impairments, and as such, was an improper hypothetical. The Defendant asserts the ALJ's hypothetical question was proper and included all credible impairments found by the ALJ to be supported by the record.

It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to carry up to 20 pounds occasionally and 10 pounds frequently and ability to sit, stand, or walk for six hours out of an eight hour workday. The ALJ also found Plaintiff had postural limitations in the areas of being limited to occasionally performing activities like climbing, balancing, stooping, kneeling, crouching, and crawling; had some manipulative limitation in the ability to reach overhead; and also had some environmental limitations including the need to have no more than moderate exposure to temperature extremes, vibration, humidity, unprotected heights and /or moving machinery. (Tr. 21, Finding No. 6).

In response to a hypothetical question containing these limitations, the ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform, namely assembler and small products assembler. (Tr. 252-254). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 22).

Following the administrative hearing, Plaintiff was sent for an orthopedic evaluation. On October 31, 2006, Plaintiff was examined by Dr. Harold Chakales for this evaluation. (Tr. 215-218). As part of this evaluation, Plaintiff underwent a Medical Assessment of Ability to Perform Work-Related Activities. (Tr. 218). Dr. Chakales indicated Plaintiff could only occasionally perform tasks involving simple grasping, fine manipulation, handling objects, and feeling objects. (Tr. 218).

Plaintiff contends the ALJ did not pose a proper hypothetical question to the VE because the ALJ did not include his occasional limitations to simple grasping, fine manipulation, handling objects, and feeling objects. Plaintiff argues these limitations, as found by Dr. Chakales, would affect Plaintiff's ability to perform work as an assembler or small products assembler.

After reviewing the record, this Court finds that the ALJ's decision is not supported by substantial evidence. The testimony provided by the VE does not provide substantial evidence in support of the ALJ's decision. The opinions of Dr. Chakales of Plaintiff's occasional limitations to perform simple grasping, fine manipulation, handling objects, and feeling objects should be included in the ALJ's RFC determination or the ALJ should provide a basis for their not being included.

On remand, the ALJ should more fully discuss the findings of Dr. Chakales. If the ALJ determines Plaintiff's RFC should include occasional limitations to perform simple grasping, fine manipulation, handling objects, and feeling objects, then additional testimony should be obtained from the VE as it relates to a significant number of jobs existing in the national economy which Plaintiff can perform.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **24th day of February, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE